## Case No. 1,593.

### BOCKEE v. CROSBY.

### SAME v. BEEKMAN et ux.

[2 Paine, 432.] [1]

Circuit Court, S. D. New York. June Term, 1828.

PLEADING — DEMURRER TO PLEA IN ABATEMENT — EJECTMENT — AVERMENT OF SEISIN — LIMITATION OF ACTIONS — RECOVERY OF LANDS — NEW YORK STATUTE OF 1788.

1. Upon demurrer to a plea in abatement, the court will look back to the first fault in pleading, and if the declaration is bad, judgment must be against the plaintiff.

2. To sustain an action of ejectment, an averment of seizin is essential, and it must be alleged to have been within the time limited for bringing the action.

3. The act of New York of 1788, declaring that after the year 1800 no action for the recovery of lands shall be maintained unless on a seizin or possession within twenty-five years next before such action brought, is valid even if applied to a seizin existing at the time the law was passed, and in such case, where the demandant counted on the seizin of his ancestor within sixty years then last past it was held that the count was bad.

[At law. Actions by William Bockee against William B. Crosby, tenant, and by the same against Beekman and wife, for the recovery of lands. Heard on demurrer to a plea in abatement. Judgment for defendants.]

THOMPSON, Circuit Justice. This case comes before the court on a demurrer to a plea in abatement. The demandant counts on the seizin of his ancestor, within sixty years then last passed. The tenant pleads in abatement, that the averment of seizin should have been within twenty-five years instead of sixty; to this plea the demandant interposes a general demurrer.

It is contended on the part of the demandant, that the count is not defective in this respect, but that admitting it to be so, advantage should be taken of it by demurrer and not by plea in abatement. It is unnecessary to express any opinion upon the latter question, for upon this demurrer we must look back to the first fault in pleading; and if the count is bad, judgment must be against the demandant.

An averment of seizin is essential, and that must be alleged to have been within the time limited for bringing the action.[2] By an act of the legislature of this state, passed in the year 1788, it is declared, that after the year 1800, no action for the recovery of lands shall be maintained, unless on a seizin or a possession within twenty-five years next before such action brought. If this law applies to this case the count is bad; it should have averred a seizin within twenty-five years next before action brought. It is contended on the part of the demandant, that

this law would be retrospective and void, if applied to a seizin existing prior to its passage, and that the demandant will have a right to show this upon the trial. We think, however, the law is valid, even if applied to such a seizin; it is a statute of limitations applying to the remedy; it is prospective in its operation, giving twelve years for the bringing of suits upon seizin existing at the time the law was passed.

Judgment for the tenant upon the demurrer.

NOTE [from original report]:

A declaration in ejectment, alleging a joint title in several, is not supported by proving title in some of them. Gillett v. Stanley, 1 Hill, 121. Nor will a title in two surviving assignees of an insolvent, support a count averring title in one. Id. And if the title is in A., as surviving assignee, it is wrong to describe him as one of the surviving assignees: but a trifling misdescription like this may be disregarded at the circuit, and is curable by subsequent amendment. Id. Under a declaration claiming the whole interest in certain premises, the plaintiff cannot recover an undivided share. Id. An ejectment plaintiff declares for four undivided ninths, and on trial proves title to one undivided third, he takes a verdict according to the proof; the variance is not fatal; and on motion he will be permitted to amend on terms without costs—the statute forbidding purchase of pretended titles does not apply to judicial sales. Truax v. Thorn, 2 Barb. 156. Where a plaintiff in ejectment stated in his declaration, that he had an estate in the premises for the life of another, and it turned out in proof that he had title in himself by possession, and also as guardian in socage, and the judge at the circuit granted a nonsuit for the variance, the court refused to set aside the nonsuit as erroneous, but let the plaintiff into a new trial upon payment of costs; intimating, however, that a preferable course to be pursued at the circuit in such case would be, to permit the plaintiff to take a verdict notwithstanding a misdescription of the estate or premises claimed, and leave him to apply to the court for permission to amend his declaration so as to conform it to the proof. Holmes v. Seely, 17 Wend. 75. It seems in ejectment, if the plaintiff claim, in his declaration, the whole of certain premises, he may recover part; so, if he claim an undivided share of a specified quantity of acres, he may recover such share in a less quantity. But if he claims an undivided half of certain premises, he cannot recover an undivided fourth, or undivided third, or the whole of the premises; nor, if he claim the whole, can he recover an undivided half, an undivided fourth, or an undivided third of the premises. Id. Ryerss v. Wheeler, 22 Wend. 148. A demise in a declaration in ejectment, laid from a man who was dead at the commencement of the suit, may be objected to at the trial, and is cause of nonsuit. Doe v. Butler, 3 Wend. 149. Where a joint demise is laid in the names of several lessors, unless it be shown that the lessors had such an interest as would enable them to join in a demise, the plaintiff will be nonsuited. Id. The demise in a declaration in ejectment must be laid as of a day subsequent to that when the lessor's right of entry accrued. Dickenson v. Jackson, 6 Cow. 147. In ejectment by the mortgagee against the mortgagor, or those claiming under him, the demise must be laid as of a day subsequent to a default in payment, and subsequent to a dissolution of the tenancy, by a notice to quit or otherwise. Id. Several demises added in ejectment on payment of costs, it appearing that the lessors sought to be added had a subsisting legal title. Jackson v. Travis, 3 Cow. 356. The plaintiff cannot recover under a demise from a

---

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [See note at end of case.]

lessor who has released his interest to the defendant. Jackson v. Foster, 12 Johns. 488. In an action of ejectment, where several parcels of land are claimed in the same declaration, and the defendant concedes the plaintiff's right to recover as to some, and denies it as to others of the parcels, the court, on motion, will, on terms, strike from the declaration the parcels, the right of the plaintiff to which is conceded, and leave the parties to litigate only as to the others. Mower v. Mower, 20 Wend. 635. A declaration in ejectment may contain several counts in the names of several persons as plaintiffs, in the manner before used where the suit was brought in the name of a nominal plaintiff, and separate demises were laid in the names of separate lessors; it is not necessary that it should contain a joint count, or that a joint interest or joint injury should be alleged. Smith v. Dewey, 15 Wend. 601. The point has been frequently declared and adjudged, that tenants in common cannot make a joint demise, and the books frequently speak in terms inconsistent with this position. Jackson v. Bradt, 2 Caines, 169. It has now become immaterial whether tenants in common declare on joint or separate demises. Id. A copartner may declare in ejectment on her separate demise. Jackson v. Sample, 1 Johns. Cas. 231. The demise should be laid at, or after the time when the lessor's right accrued. Van Alen v. Rogers, 1 Johns. Cas. 281. The death of a lessor, however, will not abate the suit. Frier v. Jackson, 8 Johns. 405. In ejectment, separate demises may be laid in the declaration, and the plaintiff, at the trial, may give in evidence the separate titles of the several lessors to separate parts of the premises in question, and recover accordingly. Jackson v. Sidney, 12 Johns. 185. By the practice of this court, before the Revised Statutes took effect, a demise was laid in the declaration from the owner to a nominal person, in whose name the action was brought. Then the day was so far material that the demise must be subsequent to the accruing of the title of the claimant; now, it is sufficient for the plaintiff to aver in his declaration that on some day therein to be specified, and which shall be after his title accrued, he was possessed of the premises in question, describing them; and, being so possessed thereof, the defendant afterward, on some day to be stated, entered into such premises, and that he unlawfully withholds from the plaintiff the possession thereof. 2 Rev. St. p. 304, § 7. This seems to be in accordance with the former practice, so far as it may be applicable. The averment of title must be laid subsequent to the title actually accruing, and an ouster must be stated on some day afterward. On the trial, however, the plaintiff is not bound to prove the accruing of his title precisely as laid: it is enough if he show title before the day laid in his declaration. Siglar v. Van Riper, 10 Wend. 414. Nor is he in ordinary cases bound to prove an ouster at all. Id. The lessors must have a claim to a subsisting title or interest in the premises. Therefore, where the declaration contained eight counts, and the last set forth a demise from eighteen persons, none of whom, as the tenant stated in his affidavit, pretend to claim any title to the premises; and the affidavit of the attorney for the plaintiff stated that it might be a question on the trial, the court, on motion, struck out the eighth demise. Jackson v. Paul, 2 Cow. 502; Jackson v. Richmond, 4 Johns. 483. Where the plaintiff gave evidence of title to two acres, and the supreme court, by their judgment, decided that title to be valid. The remedy is by writ of error; for, the record shows that the plaintiff has recovered an indefinite quantity of land; whereas, he might have taken a verdict for his term in certain premises, describing them, and for the defendant as to other premises, also describing them, and entered his judgment accordingly. The judgment being entire, his whole judgment was reversed. The plaintiff declared in one count for different

pieces of land, erroneous recovery as to one, therefore the entire judgment must be reversed. Id. The ancient rule required the description of the premises in the declaration to be so certain, that the sheriff might know from his execution, exactly of what to deliver possession. But the settled rule of the supreme court now, where a general verdict is given for the plaintiff, is, to restrict him to the taking of possession of so much only as he gave evidence of his title to on the trial. Seward v. Jackson, 8 Cow. 427. Where the plaintiff gave evidence of title to two acres, and the supreme court, by their judgment, decided that title to be valid. The remedy is by writ of error; for, the record shows, that the plaintiff has recovered an indefinite quantity of land; whereas, he might have taken a verdict for his term in certain premises, describing them, and for the defendant as to other premises, also describing them, and entered his judgment accordingly. The judgment being entire, his whole judgment was reversed. The plaintiff declared in one count for different pieces of land, erroneous recovery as to one, therefore the entire judgment must be reversed. Id. If there had been several counts in the declaration, it would have been different. Id. Declaration in ejectment (2 Rev. St. 312), "to compel the determination of claims to real property," is to be in the usual form, and its connection with the notice served under the second section of that act can be ascertained by inquiring into extrinsic facts. When the party receiving such notice pleads in bar, disclaims or declares in ejectment, he thereby makes his election as to the mode of answering, and cannot change without leave of the court. Rosevelt v. Giles, 7 Hill, 201. In ejectment, the plaintiff must, in his declaration, describe truly the premises claimed, but is not bound to set forth the nature of the estate, nor the quantity of the interest claimed by him; and it was accordingly held, that a plaintiff was entitled to recover an undivided share, although in his declaration he claimed the whole of the premises. Harrison v. Stevens, 12 Wend. 170. The statute (2 Rev. St. p. 304, § 9) declares, that if the plaintiff claims an undivided share or interest in any premises, he shall state the same particularly in his declaration; but if he claims the whole of certain premises, and it turns out on the trial that the defendant owns a part, he shall not be nonsuited; for the statute is complied with by claiming the whole. Id. A description of the premises claimed, setting them forth as the one undivided third part of all that part of a certain lot, in a certain township, of which the defendant is in possession, under a purchase at sheriff's sale, on executions against A. B., is sufficiently certain; and a farther specification of the premises, by reference to a record of partition in a public office, does not hurt the declaration. Bear v. Snyder, 11 Wend. 592.